IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUN 11 2021
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

| | |
|---|---|
| DAVID B. CLAYTON, | |
| Plaintiff, | Case No. 4:20cv00013 |
| v. | **MEMORANDUM OPINION** |
| LANDMARK PROPERTY MANAGEMENT COMPANY, | By: Hon. Thomas T. Cullen<br>United States District Judge |
| Defendant. | |

Plaintiff David B. Clayton ("Clayton") is a former tenant of a tax-credit property managed by Defendant Landmark Property Management Company ("Landmark"). His apartment was subsidized, in part, through the federal Low-Income Housing Tax Credit ("LIHTC"). Following an unlawful detainer action in Virginia state court, Clayton filed this suit claiming Landmark forged his signature on a tax document that disqualified him from the LIHTC, which resulted in his eviction from the property. Following dismissal of his amended complaint for failure to state a claim, Clayton moves for leave to file a second amended complaint. Landmark opposes this motion, arguing that amendment is futile because Clayton's claims are barred by issue preclusion, and alternatively because Clayton's proposed second amended complaint fails to state a claim. The court agrees with both of Landmark's arguments, will deny Clayton leave to amend, and dismiss this case.

I. **Facts and Procedural History**[1]

Prior to his eviction, Clayton lived at a tax-credit property managed by Landmark. As a tenant, Clayton was required to undergo an annual recertification process to continue his eligibility for residency at the property. Because he was receiving income from self-employment, Clayton was required to execute a "Self Employment Affidavit" to affirm that his income met the eligibility requirement. Landmark contends that Clayton signed this affidavit, but refused to get it notarized, as required by the applicable regulations.[2] Clayton alleges that Landmark forged his signature on the affidavit, which reported an income that disqualified him for federal housing under the LIHTC program. (Second Am. Compl. ¶¶ 14, 24 [ECF No. 50-2].)

Clayton alleges that Landmark then instituted an unlawful detainer action against him in Virginia state court, using the fraudulent affidavit as evidence of his non-compliance with the LIHTC. (*Id.* ¶ 26.) Clayton alleges that the forged affidavit was the cause of judgment in Landmark's favor. (*Id.* ¶¶ 24, 26.) Clayton further contends that he would not have been evicted if not for the fraudulent affidavit. (*Id.* ¶ 21.) Landmark maintains that it instituted the unlawful detainer action against Clayton due to his refusal to comply with recertification requirements—specifically, the notarization requirement.

The procedural history behind Clayton's lawsuit is extensive. Clayton filed his original *pro se* complaint in this court against Landmark on February 5, 2020. (ECF No. 1.) Landmark

---

[1] The facts are compiled from Clayton's proposed amended complaint and the parties' various pleadings, unless otherwise noted.

[2] Clayton disputes that the regulation requires that his signature on this form be notarized, contending that he was never required to have his signature notarized in the past. (Second Am. Compl. ¶ 4).

moved to dismiss that complaint for lack of subject-matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 11.) In response, Clayton requested leave to amend his complaint to correct the deficiencies (Pl.'s Resp. Opp'n Def.'s Mot. Dismiss pg. 7 [ECF No. 23]), and filed a motion for leave to file an amended complaint on October 30 (ECF No. 38). Landmark opposed that request. That motion was referred to the Honorable Joel C. Hoppe for consideration. In his report and recommendation, Magistrate Judge Joel C. Hoppe recommended that the District Judge grant Landmark's motion to dismiss for failure to properly allege federal subject-matter jurisdiction and deny Clayton's motion for leave to amend. (ECF No. 50.) But Judge Hoppe also recommended allowing Clayton 14 days to file an amended complaint as a final opportunity to state his claim. (*Id.*) Neither party objected to Judge Hoppe's R&R, so this court adopted it on February 18, granting the motion to dismiss Clayton's original complaint and denying his motion for leave to file an amended complaint. (ECF No. 51.)

On February 16, 2021, prior to receiving this court's Order on the R&R, Clayton filed a motion for leave to file a second amended complaint, now adequately alleging diversity subject matter jurisdiction under 28 U.S.C. § 1332. (*See* Second Am. Compl. (alleging Clayton as a domicile of Virginia and Landmark's principal place of business in North Carolina, and an amount of controversy of $350,000) [ECF No. 50-2].) Clayton's second amended complaint alleges claims of: forgery and common law fraud (Count I); negligence (Count II); negligent misrepresentation (Count III); and abuse of process (Count IV). Landmark opposes Clayton's motion for leave, asking the court to deny the motion as futile because Clayton's claims are

barred by issue preclusion and because each claim fails to plead facts sufficient to state any claim. (ECF No. 52.)

After reviewing the arguments and pleadings of the parties, as well as the applicable law, the court is prepared to rule on Clayton's motion for leave to amend.

## II.     Standard of Review

A district court may deny leave to amend if "the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Denial based on futility can only be found where the proposed amendment is "clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). An amendment is futile if the proposed complaint fails to state a claim. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008). To sufficiently state a claim under Federal Rule of Civil Procedure 12(b)(6), the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of further factual enhancement," or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557.)

### III. ANALYSIS

#### A. Issue Preclusion

Landmark contends that amendment would be futile because each of Clayton's claims is barred by the doctrine of res judicata; specifically, issue preclusion. (Def.'s Resp. Opp'n pg. 7 [ECF No. 52].) Because the basis of the unlawful detainer action was Clayton's failure to comply with recertification and the state court concluded that he, in fact, failed to comply, Landmark argues that this issue should be precluded by the state court's judgment. *Id.*

Under the doctrine of res judicata, "a prior judgment between the same parties precludes subsequent litigation of matters resolved in the first adjudication." *Lewin v. Cooke*, 95 F. Supp. 2d 513, 522 (E.D. Va. 2000). Res judicata encompasses "both issue and claim preclusion." *Funny Guy, LLC v. Lecego, LLC*, 795 S.E.2d 887, 890 (Va. 2017). Issue preclusion specifically "bars re-litigation of common factual issues between the same or related parties in subsequent proceedings." *Id.* This "applies even when the subsequent proceedings involve a different claim for relief." *Glasco v. Ballard*, 452 S.E.2d 854, 855 (Va. 1995). Claim preclusion bars future litigation of the same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. *Lee v. Spoden*, 776 S.E.2d 798, 803 (Va. 2015). Landmark only argues that Clayton's claims are barred by issue preclusion, so it is unnecessary for the court to consider claim preclusion.

Issue preclusion extends to all future claims in both federal and state courts. *See Martin-Bangura v. Va. Dep't of Mental Health*, 640 F. Supp.2d 729, 735 (W.D. Va. 2009); *see also* 28 U.S.C. § 1738 (requiring that state judicial proceedings "shall have the same full faith and credit in every court within the United States"). Federal courts apply a two-step test to assess whether

a prior state court decision has a preclusive effect on a pending federal action. *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 128 (4th Cir. 2000). First, the court determines the preclusive effect of the state court judgment under the state's law.[3] *Id.* If the state law would afford the judgment preclusive effect, the federal court then determines if Congress created an exception to this preclusion. *Id.* An exception will not be recognized unless a statute contains an express or implied exception. *Id.*

Because a Virginia state court decided the original unlawful detainer action, Virginia state preclusion law applies. Under Virginia law, issue preclusion requires: (1) that the parties to the two proceedings must be the same; (2) that the issue of fact sought to be litigated must have been actually litigated in the prior proceeding; (3) that the issue of fact must have been essential to the prior proceeding; and (4) that the prior proceeding must have resulted in a valid, final judgment against the party whom the doctrine is sought to be applied. *Glasco,* 452 S.E.2d at 855.

Taking the allegations in Clayton's second amended complaint as true, Clayton has conclusively established that his action is barred by res judicata.[4] First, he alleges that the parties in this lawsuit are the same as the unlawful detainer proceeding, stating, "Defendant . . . commenced civil action against Plaintiff." (Am. Compl. ¶ 4.) Second, Clayton

---

[3] 28 U.S.C. 1738 "requires a federal court to look first to state preclusion law in determining the preclusive effects of a state court judgment." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 381 (1985).

[4] Under Federal Rule of Civil Procedure 12(b)(6), the court can dismiss a complaint on the basis of an affirmative defense if the applicability of the defense is established by the pleadings. *See, e.g.*, *Goodman v. Pixair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (noting that, "in relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)"); *see also Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) ("Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient . . . on its face.").

alleges that the unlawful detainer proceeding was decided in reliance on the affidavit currently at issue—the Self Employment Affidavit—meaning the issue was actually litigated *and* essential to the unlawful detainer action. (*See* Second Am. Compl. ¶ 24 (stating that the defendant's false alteration of the form "caused the plaintiff to be evicted after the LIHTC program determined he was ineligible to receive federal housing"); *see also id.* at ¶ 21 ("In the absence of a valid and enforceable 2017 Self-Employment Affidavit . . . it is inconceivable . . . that Plaintiff was non-compliant with an official LIHTC federal regulatory requirement . . . and the final judgment should be vacated.").) Finally, the ruling in an unlawful detainer action is a valid, final judgment. *See Ainsworth v. PNC Bank, NA*, No. 2:19-cv-492, 2021 WL 837340, at *7 (E.D. Va. Jan. 27, 2021) (stating that an unlawful detainer action "resulted in a valid, final judgment against Plaintiff"); *Ragan v. Woodcroft Village Apartments*, 497 S.E.2d 740, 743 (Va. 1998) (stating that a final judgment is one that "disposes of the whole subject of the case and gives all relief contemplated").

Because Virginia law would afford the unlawful detainer action preclusive effect, this court must determine if Congress created an exception to this preclusion by statute. *In re Genesys Data Techs., Inc.*, 204 F.3d at 128. Nothing suggests, and Clayton has not argued, that Congress has created an exception to an unlawful detainer action's preclusive effect. *See Ainsworth*, 2021 WL 837340 at *7 ("[T]he court has not found . . . any evidence that Congress has created an exception to the requirement that his court give preclusive effect to the prior Unlawful Detainer Action."). Thus, Clayton is not relieved from the preclusive effect of the state court's judgment, and his claims related to the allegedly forged affidavit are barred.

At least one other court came to a similar conclusion concerning issue preclusion of an unlawful detainer action. *Symeonidis v. Eagle Construct of Va.*, No. 3:05-cv-89, 2005 WL 3054043 (E.D. Va. Nov. 15, 2005). In that case, Symeonidis alleged that Eagle Construction secured judgment in the unlawful detainer hearing by falsely testifying it had all permits necessary for the eviction. *Id.* Because the factual issue concerning the alleged fraudulent permits was resolved by the lower court—who found the documents to be valid—the issue was precluded from subsequent proceedings. *Id.* at *6. There, the court noted that because Symeonidis sought to question the validity of that judgment, the proper remedy would have been to appeal the state court's final order, not to file a separate federal court claim.[5] *Id.* For the same reasons, Clayton's claims related to the affidavit are precluded here, and his proper recourse is to appeal the state court's judgment.[6]

## B. <u>Failure to State a Claim</u>

Even if issue preclusion did not bar Clayton's suit, Clayton's amended complaint still fails to allege facts sufficient to support each of his claims under Federal Rule of Civil Procedure 12(b)(6). Therefore, it would be futile to grant him leave to file his amended complaint. *Accord U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).

---

[5] Further, the Rooker-Feldman doctrine could also bar Clayton's federal claim. The Rooker-Feldman doctrine prevents a plaintiff from seeking what in substance would be appellate review of a state court judgment. *Smalley v. Shapiro & Burson LLP*, No. 12-1266, 2013 WL 1613219 at *4 (4th Cir. Apr. 16, 2013). This federal court may be barred in reviewing the validity of the Clayton's unlawful detainer judgment because that would constitute, in effect, an appeal of that state court judgment.

[6] The court takes no position on whether such an appeal, at this late date, would be timely or proper.

### a. Count 1: Forgery and Common Law Fraud

As Landmark pointed out, "there is no civil cause of action for forgery in Virginia." *Livermon v. Didlake, Inc.*, CL18-2001, 2019 WL 4259666 at *1 (Cir. Ct. Va. Jan. 25, 2019). Instead, a plaintiff must plead the common law action for fraud. *Id.* A claim for fraud under Virginia law must allege: (1) a false representation; (2) of a material fact; (3) made intentionally and knowingly; (4) with intent to mislead; (5) reliance by the party misled; and (6) resulting damage to the party misled. *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 557–58 (Va. 1998). Because the burden of proof applicable to a fraud claim is "clear and convincing" evidence, allegations in a fraud complaint must show all elements of the claim "specifically and in detail." *Sweely Holdings, LLC v. SunTrust Bank*, 820 S.E.2d 596, 604 (Va. 2018). Generalized and nonspecific allegations are "insufficient to state a valid claim of fraud." *Id.*; *see also* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

Under the reliance element, the victim must have "reasonably relied upon the misrepresentations . . . that allegedly constituted the fraud. Absent such reasonable or 'justifiable reliance,' no fraud is established." *Murayama 1997 Tr. v. NISC Holdings, LLC*, 727 S.E.2d 80, 86 (Va. 2012). Landmark argues that Clayton has not alleged that he relied on the alleged fraudulent Self Employment Affidavit. (Def.'s Resp. Opp'n pg. 11.)

In his Second Amended Complaint, Clayton does not allege that he relied on any alleged misrepresentation. Logically, it is impossible for Clayton to have relied on the allegedly fraudulent affidavit because he alleges that he was unaware of it until *after* the unlawful detainer hearing. (Second Am. Compl. ¶ 23.) Further, as Landmark points out, Clayton alleges that the

*state court* relied on the document to rule against him in the unlawful detainer hearing. (*Id.* at ¶ 21.) Because a third party—not Clayton—allegedly relied on the fraudulent document, Clayton's fraud claim fails and granting leave would be futile.

### b. Count 2: Negligence

Under Virginia law, a cause of action for negligence requires the plaintiff to allege: (1) a legal duty owed by the defendant; (2) a violation of that duty; and (3) resulting damage. *Terry v. Irish Fleet, Inc.,* 818 S.E.2d 788, 792 (Va. 2018). As Landmark points out, "[a]t the threshold, the plaintiff must establish a duty upon the defendant." *Burns v. Johnson*, 458 S.E.2d 448, 450 (Va. 1995). To establish a legal duty, the pleading must contain allegations that the defendant has a duty to the plaintiff in particular or to a class of persons to which the plaintiff belongs. *Quisenberry v. Huntington Ingalls, Inc.,* 818 S.E.2d 805, 811 (Va. 2018).

Landmark argues that Clayton has not alleged Landmark owed him a legal duty under the first element; rather, Clayton's second amended complaint alleges that Landmark's duty was "to establish and maintain compliance with the program's federal regulatory requirements." (Second Am. Compl. ¶ 33.) Landmark also notes that its only duties are established by the Virginia Administrative Code, which requires it to "certify annually to the authority . . . that, for the preceding 12-month period . . . [t]he owner has received an annual income certification from each low-income tenant, and documentation to support that certification." 13 Va. Admin. Code § 10-180-90 (2021). Indeed, it is unclear from Clayton's allegations what duty Landmark allegedly owes him, if it owes him any duty at all. To the contrary, Clayton's complaint, if anything, demonstrates Landmark's duty to the regulatory agencies overseeing the LIHTC program to monitor compliance of individuals like Clayton,

not a duty to Clayton himself. Because Clayton has not sufficiently alleged a legal duty owed by Landmark to him (or to a class of persons to which he belongs), his claim fails.

### c. Count 3: Negligent Misrepresentation

Under Virginia law, negligent misrepresentation falls under the cause of action for constructive fraud. *See Mortarino v. Consultant Engineering Services, Inc.,* 467 S.E.2d 778 (1996) (holding that constructive fraud requires evidence of false misrepresentation made negligently by the defendant); *see also Baker v. Elam,* 883 F.Supp.2d 576, 581 (E.D. Va. 2012) ("Virginia courts . . . do not recognize negligent misrepresentation as a separate cause of action from that of constructive fraud."). The only way in which constructive fraud differs from actual fraud is that "the plaintiff is only required to plead that the false representation was made innocently or negligently." *Sales v. Kecoughtan Housing Co.*, Ltd., 690 S.E.2d 91. All other elements remain the same. *Id.*

The court agrees with Landmark's argument that, "Clayton's mislabeled constructive fraud claim . . . would fail for the very same reasons applicable to his proposed claim for actual fraud." (Def.'s Resp. Opp'n pg. 18). Only the element of intent, not the element of reliance, is affected by the constructive fraud claim. Because the element of reliance still fails, Clayton's claim of negligent misrepresentation is also insufficient.

### d. Count 4: Abuse of Process

Under Virginia law, abuse of process is the "the wrongful use of process after it has been issued." *Triangle Auto Auction, Inc. v. Cash*, 380 S.E.2d 649, 650 (Va. 1989). To establish an abuse-of-process claim, a plaintiff must plead: "(1) the existence of an ulterior purpose; and (2) an act in the use of the process not proper in the regular prosecution of the proceedings."

*Donohoe Constr. Co. v. Mt. Vernon Assocs.*, 369 S.E.2d 857, 862 (Va. 1988). A "legitimate use of process to its authorized conclusion, even when carried out with bad intention, is not a malicious abuse of that process." *Id.* Rather, abuse of process is the "perversion of regularly-issued process to accomplish some ulterior purpose for which the procedure was not intended." *Id.*

Clayton's amended complaint fails to allege that Landmark had an ulterior purpose when it filed the unlawful detainer action. Clayton alleges that Landmark carried out the unlawful detainer action by using a forged document in order to evict him. An unlawful detainer action's purpose is to evict a tenant from property. Va. Code Ann. § 8.01-124 (2021). Clayton does not allege that Landmark instituted this action for any purpose other than to evict him. Because Clayton has alleged only that Landmark legitimately used an unlawful detainer action for its authorized purpose of evicting him, even if it did so with malicious intent, its actions do not constitute an abuse of process and Clayton fails to state a claim.

## IV. CONCLUSION

Clayton's proposed second amended complaint is barred by the doctrine of *res judicata*. Even if it were not, each of his claims still lack sufficient factual allegations under Federal Rule of Civil Procedure 12(b)(6). Accordingly, Clayton's motion for leave to file his amended complaint will be denied, and this complaint will be dismissed.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTERED** this 11th day of June, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE